IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathanael Lenard Reynolds, #1514748, ) | C/A No.: 4:15-2350-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Sheriff Michael Johnson; Director Nadia ) | |
| Pressley; and Cpt. Curtis Brown, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Nathanael Lenard Reynolds ("Plaintiff"), proceeding pro se and in forma pauperis, is currently incarcerated at the Charleston County Detention Center. Plaintiff files this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights related to his prior incarceration in the Williamsburg County Jail ("WCJ"). Plaintiff sues Williamsburg County Sheriff Michael Johnson, and WCJ employees Director Nadia Pressley ("Pressley") and Captain Curtis Brown ("Brown") (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff filed this complaint asserting claims for malicious prosecution and false imprisonment. [ECF No. 1 at 2]. Plaintiff alleges that he was arrested on November 19,

2013, and incarcerated in WCJ. *Id.* at 3. Plaintiff states that he received a letter on January 2, 2014, informing him that his burglary 3rd charge was reduced to a magistrate-level charge. *Id.* Plaintiff alleges that he presented the letter to Lt. Ervin, who told Plaintiff that he would inform the administrative officers and "make sure the error would be fixed." *Id.* Plaintiff claims that he remained in jail for several more days. *Id.* Plaintiff alleges that Pressley and Brown knew that Plaintiff was to be released, but they failed to release him in a timely manner. *Id.* at 3–4. Plaintiff argues that Pressley and Brown lacked probable cause to detain him when he did not have a "hold from criminal charges and hadn't committed any new." *Id.* at 4. Plaintiff claims that Officer Lloyd took another copy of the document to Captain Scott on January 23, 2014, and Plaintiff was released the next day. *Id.* Plaintiff claims that his charges were subsequently terminated. *Id.* Plaintiff seeks injunctive relief and monetary damages. *Id.* at 5.

II.     Discussion

   A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31

(1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Plaintiff has previously filed a complaint in this court alleging identical facts and causes of action. *See Reynolds v. Pressley*, C/A No. 1:14-4430-MGL (D.S.C. May 26, 2015), which was summarily dismissed without prejudice on May 26, 2015.[1] As in his previous case, Plaintiff provides insufficient factual allegations in the instant complaint to state a cognizable claim under § 1983.

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records); *Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949).

Plaintiff alleges that Defendants subjected him to false imprisonment. This claim is analogous to the common law tort of malicious prosecution, which permits damages for confinement pursuant to legal process. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996) (finding that "allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued, are analogous to the common-law tort of malicious prosecution"). "[I]t is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution." *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009). However, to the extent such a right exists, a plaintiff must demonstrate seizure "'pursuant to legal process that was not supported by probable cause and [] that the criminal proceedings have terminated in plaintiff's favor.'" *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (quoting *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005)). Plaintiff does not argue that the legal process resulting in his incarceration lacked probable cause, but instead argues that his incarceration should have ended sooner. Because Plaintiff has not alleged the necessary elements for a false imprisonment/malicious prosecution claim, his complaint is subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[Signature: Shiva V. Hodges]*

August 5, 2015  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).